Kris KOMSKY, et al., Respondents,

v.

UNION PACIFIC RAILROAD COMPANY, et al., Respondents,

v.

AIG Life Insurance Company, Intervenor/Appellant.

No. ED 91425.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 11, 2009.

**32**

---

Mary Anne Lindsey, Lawrence Pratt, St. Louis, MO, for Appellant.

Mark I. Bronson, Steven M. Bronson, James R. Dowd, St. Louis, MO, Paul M. Malone, Slayton, MN, for Respondent.

ROY L. RICHTER, Presiding Judge.

Intervenor American International Group, Inc. ("AIG") appeals the trial court's calculation of subrogation recovery to be paid to AIG from an award in favor of Kris Komsky, Pat Ford, and Alexandra Diane Komsky, and Victoria Marie Komsky, the survivors of the deceased, Dennis Komsky ("Decedent"), in a wrongful death suit against Union Pacific Railroad Co. and others ("defendants"). We remand the case with instructions to the trial court to vacate the judgment for failure to join a necessary party.

I. BACKGROUND

Decedent died approximately one month after the vehicle he was operating in the course of his employment for Spencer Truck Line ("Spencer") was involved in a collision with a train. Decedent was survived by his wife, Kris; his mother Pat Ford, and minor children, Alexandra Diane Komsky and Victoria Marie Komsky (collectively "Survivors"), who filed a wrongful death suit against multiple defendants. The workers' compensation insurer for Spencer, Commerce and Industry Insurance Company ("CIIG"), had paid out amounts including medical bills and burial costs while the case against defendants was still pending.

On April 4, 2008 Survivors filed their Petition to Approve Settlement of Wrongful Death Action and Notice of Hearing. Survivors alleged that they had entered into an agreement with the defendants to settle the wrongful death action and petitioned the court to approve the settlement in accordance with the Missouri Wrongful Death Act, Section 537.080 RSMo 2000, for damages for the wrongful death of Decedent, and to apportion the balance of the settlement remaining in accordance with the Wrongful Death Act. The Petition to Approve Settlement of Wrongful Death Action was to be heard on April 24, 2008. CIIG was not a party to the suit and did not seek to intervene.

On April 24, 2008 AIG entered its appearance in the wrongful death action and on April 28, 2008 filed its Motion to Intervene in the settlement hearing. It alleged that CIIG is a subsidiary of AIG Commercial Insurance Group, Inc., which is a wholly owned, indirect subsidiary of AIG. In the Motion to Intervene, AIG claimed that it paid Decedent temporary total disability benefits in the amount of $2,194.40, burial expenses of $3,530.41, and medical bills in the amount of $569,579.98. Additionally, AIG asserted that it paid death benefits to Kris Komsky in the amount of $38,586.44; to Alexandra Komsky in the amount of $19,293.29; and to Victoria Komsky in the amount of $19,293.22. AIG averred that it had a subrogation lien in Survivors' wrongful death action totaling $652,477.67.

Although not explicitly stated, the trial court seemingly granted AIG's Motion to Intervene in a "Memorandum for Clerk" dated April 28, 2008. The trial court further made reference to "Commerce and Industry Insurance Company (AIG)," in the record. However, all payments were made by CIIG; AIG did not make the payments. At no time was CIIG a party to the Wrongful Death lawsuit. AIG now acknowledges that CIIG is the real party in interest, and that AIG has no interest in the wrongful death suit and that the Motion to Intervene should not have been granted.

## II. DISCUSSION

■ We agree that Spencer's workers' compensation insurer held a subrogation lien over certain payments made to the Survivors, making that insurer a necessary party.[1] Because Spencer's insurer would hold such a lien, Rule 52.04 provides that CIIG is a party whose absence from the litigation would impair or impede the ability to protect that interest. CIIG is a necessary party, but inexplicably never sought to intervene or be joined as a party to the wrongful death suit. We therefore remand the case with instructions to the trial court to vacate the judgment for failure to join a necessary party. *In re Estate of Shaw*, 256 S.W.3d 72, 77 (Mo. banc 2008) (citing *In re Marriage of Miller*, 196 S.W.3d 683, 694 (Mo.App. S.D.2006)).

■ The trial court permitted AIG, a party with no interest, to intervene. Section 512.020 limits the right to appeal to a party aggrieved by a judgment. AIG is not a proper party and therefore has no right to appeal. AIG asks that we "substitute" CIIG as the proper party, without any authority to support that suggestion.

## III. CONCLUSION

Due to the failure to join CIIG, the trial court did not have authority to enter a judgment. We therefore remand the case with instructions to the trial court to vacate the judgment for failure to join a necessary party.

LAWRENCE E. MOONEY, and GEORGE W. DRAPER III, JJ., concur.

---

1. We make no determination as to which payments were covered by the subrogation lien and which were not, as we have no jurisdiction to address that issue in this case.